United States District Court
Northern District of Illinois
Eastern Division.

FILED
1-5-2009
JAN 5 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Eric D. Walker

vs.                    Case No. 07-c-3745
                              07cv3745
Mr. Paul J. Kaupas

_____

_____

Motion for Judgment of Default.

Now comes the Plaintiff Eric D. Walker N-73569 pro, se. to respectfully move to request an order intering a judgment of Default against the city of Joliet Defendants Officer Tellez and Officer Shaw) for the foregoing reason:

On Oct. 17th 2008 this court ordered that summons be served on Defendant Jose Tellez and Ryan Shaw) Said Defendants or there attorney has not responded, to those summons.

Wherefore:

Plaintiff Eric D. Walker pro, se request that this court enter an order for an Judgment of Default for Defendants Jose Tellez Ryan Shaw intentional failure to Answer the summons, and Plaintiff complaint.

12-29-2008  /s/ [signature]

See order Attached

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 5 2009
1-5-2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ERIC D. WALKER

VS.  CASE NO. 07-C-3745

MR. PAUL J. KAUPAS

NOTICE OF FILING

PLEASE TAKE NOTICE THAT ON 12-29-2008 I ERIC D. WALKER pro,se FILED WITH THE CLERK OF THE UNITED STATES DISTRICT COURT THE FOREGOING DOCUMENT'S ATTACHED, PLAINTIFF SWEAR UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE. AND THAT I HAVE SERVED A COPY ON THE PERSON OR PERSON'S BELOW.

CC; Mr. Micheal D. Wong

CC;_____

CC;_____

CC;_____

ERIC D. WALKER # N-73569
PO Box 999
Pinckneyville IL 62274

12-29-08  /S/ [signature]



Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 3745 | DATE | October 17, 2008 |
| CASE TITLE | Walker (N-73569) vs. Kaupas, et al. | | |

DOCKET ENTRY TEXT

Plaintiff's second amended complaint [173] is accepted. Plaintiff's most recent motion for leave to file an amended complaint [175] is denied as moot; Plaintiff was given leave to file this second amended complaint on 9/29/08. The Clerk is directed to issue summonses for service on the newly added Defendants (Jose Tellez and Ryan Show).

Docketing to mail notices.

■[ For further details see text below.]

## STATEMENT

Plaintiff, Eric Walker, an inmate at Pinckneyville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendants violated his constitutional rights by using unnecessary and excessive force, denying or intentionally delaying medical attention, deliberate indifference to his medical needs, retaliating against him, and destroying evidence. Plaintiff was previously granted leave to amend his complaint to include additional Defendants that Plaintiff has learned through discovery were involved in the alleged violation of Plaintiff's constitutional rights.

The Clerk shall issue summonses for service on the newly added Defendants (Jose Tellez and Ryan Show). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to former employees who no longer can be found at the work address provided by Plaintiff, the Joliet Police Department shall furnish the Marshal with Defendants' last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is reminded that he must serve each of the previously existing Defendants' counsel with a copy of his second amended complaint.