# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC D. WALKER, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 3745 |
| ) | |
| v. ) | Judge Wayne R. Andersen |
| ) | |
| PAUL J. KAUPAS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Eric Walker, an inmate at Pinckneyville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendants violated his constitutional rights by using unnecessary and excessive force, denying or intentionally delaying medical attention, being deliberately indifferent to his medical needs, retaliating against him, and destroying evidence. Presently before the Court are two motions to dismiss and multiple miscellaneous motions related to the motions to dismiss.

### Litigation History of the Instant Case

Plaintiff's initial complaint was received by the Clerk of Court on July 3, 2007. The initial complaint named 17 Defendants, including numerous Will County Jail administrators and staff and two unknown City of Joliet police officers (City of Joliet Police #1 and #2). The initial complaint was not on the Northern District of Illinois complaint form but did indicate that a list of Plaintiff's previous lawsuits was attached; however, the initial complaint did not include any attachments. On July 17, 2007, the Clerk received an exhibit filed by the Plaintiff. The one-page exhibit set forth the relief Plaintiff sought in his lawsuit. On July 23, 2007, Plaintiff was ordered to pay the $350 filing

fee because he had previously "struck out" under 28 U.S.C. § 1915(g). On September 17, 2007, the Court received Plaintiff's filing fee and the action was allowed to proceed.

On February 26, 2008, the Court received Plaintiff's motion for an order to preserve evidence pertaining to a video surveillance camera and video tape of the booking room at Will County Jail. On April 7, 2008, the Court received Plaintiff's "notice to court of other pending cases" that identified six pending civil cases in Will County Circuit Court (two filed in 2007 and 4 filed in 2008) and one criminal appeal (filed in 2007) pending in Sangamon County. On April 10, 2008, the Court received Plaintiff's motion to further support his motion for the preservation of evidence. On April 18, 2008, the Court received Plaintiff's second motion for the preservation of evidence that sought the preservation of all evidence related to complaints of abuse at the Will County Jail and by the Joliet Police Department.

On May 8, 2008, the Court received Plaintiff's motion for a court order to compel the Federal Bureau of Investigation to investigate the facts of his case and a motion to compel the Defendants to answer the complaint and respond to his motions for the preservation of evidence. On May 23, 2008, the Court denied Plaintiff's motion to order an F.B.I. investigation and granted his motion to compel.

On June 12, 2008, the Court received Plaintiff's motion to compel discovery and motion for the preservation of evidence relating to evidence of the Joliet Police Department. On June 19, 2008, the Court received Plaintiff's motion for sanctions, motion for attorney's fees, and motion to strike Rule 224 discovery as unnecessary. On June 26, 2008, the Court received Plaintiff's two additional motions for sanctions and two additional motions for attorney's fees. On June 27, 2008, the Court received another motion to compel, motion for sanctions, and motion for attorney's fees. On July

7, 2008, one of Plaintiff's motions to compel was denied and the remaining motions to compel and motion for sanctions were entered and continued. Plaintiff's motion to strike Rule 224 discovery was denied as moot and all of his motions for the preservation of evidence and for attorney's fees were denied.

On July 18, 2008, the Court received another motion to compel. On July 30, 2008, the Court denied Plaintiff's motions to compel and motions for sanctions. The Court noted that some of Plaintiff's motions repeated the same arguments and sought the same relief as motions that were already pending before the Court. The Court also struck 5 documents that Plaintiff filed that were immaterial to the case. On July 31, 2008, the Court received Plaintiff's motion for leave to request more than 25 admissions and interrogatories and motion to reconsider the denial of his motions for the preservation of evidence.

On August 14, 2008, Plaintiff was given leave to file an amended complaint, adding 5 new Defendants. Plaintiff's amended complaint was on the Court's complaint form but also included additional typed pages. Plaintiff included the same attached typed page indicating that a list of all of his lawsuits was attached. He also included the Court complaint form that required Plaintiff to "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States." The complaint form further states: "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (emphasis in original). Plaintiff listed a 2008 lawsuit in Will County on the Court's

complaint form and included a handwritten page that identified 5 "other cases pending in Will County Circuit Court." The five additional pending cases were filed in 2008. Plaintiff also signed the "CERTIFICATION" at the end of the complaint, that states: "By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court."

On August 20, 2008, the Court denied Plaintiff's motion for leave to request more than 25 admissions and interrogatories and his motion to reconsider. That same day, the Court received Plaintiff's motion requesting leave to produce evidence of falsification in medical records and motion to vacate the Court's July 30, 2008, order. On August 28, 2008, the Court denied Plaintiff's motion requesting leave to produce evidence of falsification in medical records and motion to vacate the Court's July 30, 2008, order. That same day, the Court received Plaintiff's motion for an order of contempt, seeking to hold the Joliet Police Chief in contempt of court for not responding to Plaintiff's subpoena. This motion was denied on September 12, 2008.

On September 15, 2008, the Court received Plaintiff's motion for evidence and motion to request more interrogatories, admissions, and production of documents. On September 29, 2008, the Court granted Plaintiff leave to file an amended complaint to name three of the John Doe Defendants in his previous complaint. That same day, the Court received Plaintiff's motion for an order to show cause why defendants destroyed evidence and motion to order defendants to produce documents.

On October 1, 2008, the Court denied Plaintiff's motion for evidence and motion to serve more interrogatories, admissions, and request for production of documents. On October 6, 2008, the Court received another amended complaint. This amended complaint named City of Joliet Police

Officers Jose Tellez and Ryan Shaw as Defendants. The amended complaint included the same three pages regarding Plaintiff's previously filed lawsuits in state and federal court that had been included in Plaintiff's amended complaint. That same day, the Court received Plaintiff's motion for an order of contempt that sought to hold the Will County Clerk of Court in contempt for not providing Plaintiff a copy of requested grand jury testimony. On October 15, 2008, the Court received Plaintiff's "second amended complaint." The second amended complaint only indicated claims against Tellez and Shaw and the only case Plaintiff listed as having been filed in state or federal court was the instant case, 07 C 3745.

On October 24, 2008, Defendant Mary Fran Nieman filed a motion to dismiss, Defendant Shiflet filed a motion to dismiss, and several Defendants filed motions to dismiss count five and count six of Plaintiff's amended complaint. On October 24, 2008, the Court accepted Plaintiff's October 6, 2008, amended complaint and struck the October 15, 2008, second amended complaint.

On October 30, 2008, the Court received Plaintiff's motion to show cause as to why Defendants have not complied with discovery, motion for order of contempt, motion to prevent threats and harassment, motion for sanctions, and motion to dismiss Defendants Mary Fran Nieman, Michael Knight, April Simmons, S. Williams, and Chief VanDyke. On November 7, 2008, Plaintiff filed a motion to dismiss Defendant Dr. Sood. On November 13, 2008, Plaintiff filed a motion to dismiss count six of his complaint and motions to dismiss his most recently filed motions for sanctions and for production of documents.

On November 20, 2008, Plaintiff's motions to dismiss were granted. On November 26, 2008, the Court denied Plaintiff's motion to compel, motion to show cause why defendants destroyed evidence, motion for an order of contempt, and motion to prevent threats and harassment.

On December 12, 2008, the Court received Plaintiff's motion to dismiss Defendant Will County Sheriff Paul Kaupas. On December 16, 2008, the Court received Plaintiff's motion for an order of contempt against the medical director at his place of incarceration for not complying with a subpoena for his medical records. On December 19, 2008, the Court received Plaintiff's motion to dismiss count five and motion to dismiss Defendant Shiflet.

On January 5, 2009, the Court received Plaintiff's motion to compel the production of documents and another motion for an order of contempt against the medical director at his place of incarceration. On January 12, 2009, the Court received Plaintiff's motion to stay his motion to dismiss certain defendants (this motion was granted on November 20, 2008) and a motion to dismiss his motion to dismiss count five and Defendant Shiflet. On January 30, 2009, the Court granted Plaintiff's motion to dismiss Defendant Kaupas, denied his motion to stay his motion to dismiss multiple Defendants, and granted his motion to dismiss count 5 and Defendant Shiflet.

On February 20, 2009, Plaintiff filed another motion compel the production of discovery and documents. On March 30, 2009, Plaintiff filed a motion for reinstatement of defendants and leave to amend to add new defendants. On April 13, 2009, Plaintiff filed a motion for more interrogatories, motion for reconsideration of the denial of his motion to compel, motion to compel defendants to comply with discovery, and a motion for reinstatement of defendants or in the alternative to question them at trial. On April 14, 2009, the Court denied Plaintiff's motion for reinstatement of defendants and for leave to amend to add new defendants.

On April 15, 2009, the Court received Plaintiff's motion for sanctions, motion to stay his motion to reinstate defendants and add new defendants, motion to compel a former defendant to

respond to discovery, and three additional motions to compel. On April 21, 2009, the Court denied Plaintiff's motion for reconsideration.

On May 27, 2009, the Court received Plaintiff's motion to compel the production of documents, motion for medical experts at trial and before trial, supplemental motion to produce documents, motion for court orders for written depositions to defendants and witnesses, motion for order of contempt against the medical director, motion requesting defendants show cause for more medical records, and two motions for reconsideration. On June 11, 2009, the Court denied all of Plaintiff's pending discovery motions because Plaintiff now waived any claims for the need for further discovery.

**Presently Pending Motions**

I. Motion to Dismiss Counts Two, Three and Four

The remaining Defendants (with the exception of Tellez and Shaw) have moved to dismiss counts two, three, and four of Plaintiff's amended complaint, arguing that those claims now fail to state a claim because the only Defendants named in those counts have been dismissed from this action. In his response to Defendants motion, Plaintiff does not dispute that the only Defendants named in counts two, three, and four have been dismissed. Instead, Plaintiff argues that the counts should not be dismissed because he plans on calling the dismissed Defendants as witnesses at trial. Plaintiff's ability to call the dismissed Defendants as witnesses at trial and the subject of their testimony is governed by the Federal Rules of Evidence, not the inclusion of claims in a complaint in which no Defendants remain.

Based on the above, Defendants' motion to dismiss counts two, three, and four is granted. Counts two, three and four of Plaintiff's amended complaint are dismissed for failure to state a claim.

II. Motion to Dismiss For Failure To Obtain Leave To File Suit

Tellez and Shaw move to dismiss Plaintiff's amended complaint, arguing that Plaintiff was required, and did not obtain, leave from the Executive Committee to file suit. The other remaining Defendants have moved to join Tellez and Shaw's motion to dismiss. The other remaining Defendants' motion to join the Joliet Police Defendants' motion to dismiss is granted.

On January 30, 1997, the Executive Committee of the United States District Court for the Northern District of Illinois entered an order enjoining Plaintiff "from filing any new action or proceeding in the United States District Court for the Northern District of Illinois against the City of Joliet or any of its agents, officers, or employees acting within their official capacities without first obtaining leave" from the Executive Committee. (*In re Walker*, No. 97 C 0867, Doc. # 1, Order of Jan. 30, 1997).

Plaintiff's initial complaint and all of his amended complaints named City of Joliet Police Officers as Defendants and sought damages from those Defendants. Plaintiff does not dispute that he did not obtain leave from the Executive Committee before filing the instant action. Plaintiff first argues that the Executive Committee order stems from a Stipulation and Agreed Order that is not applicable to this action. While the Executive Order discusses and cites to certain language from a Stipulation and Agreed Order in a previous action, the Executive Order, by its terms, is applicable to "any new action or proceeding" brought by the Plaintiff against the City of Joliet or any of its agents, officers or employees acting within their official capacities. Plaintiff next argues that the

Stipulation and Agreed Order applies only if he is proceeding *in forma pauperis*, which he did not do in this action. As indicated above, the Executive Committee Order applies to "any new action or proceeding." While the Executive Committee Order includes specific language addressing the Court's actions if Plaintiff is attempting to proceed *in forma pauperis* (*see* para. 5), that specific language does not render the order inapplicable to actions in which Plaintiff pays the filing fee. Plaintiff also questions the legality and constitutionality of the Stipulation and Agreed Order. However, any challenge to the Stipulation and Agreed Order would have had to have been made by appealing that order. Furthermore, any failure by Plaintiff to comply with the Stipulation and Agreed Order, cited in the Executive Committee Order, is not the basis of the Defendants' argument – Plaintiff's failure to comply with the Executive Committee Order forms the basis of the Defendants' argument.

Based on the above, Plaintiff failed to obtain leave from the Executive Committee to file the instant action, which has always included claims against City of Joliet employees, as required by the Executive Committee Order of January 30, 1997. Accordingly, Defendants' motion to dismiss is granted and Plaintiff's amended complaint is dismissed.

III. Motion to Dismiss For Failure to Inform the Court of Previous Lawsuits

Even if Plaintiff's suit were not subject to dismissal for failing to comply with the Executive Committee Order, Plaintiff's misrepresentations to the Court in his filings and his abusive motion practice justify dismissal with prejudice of his action.

The court may impose sanctions on a *pro se* litigant if the litigant provides false information to the court, effectuates a fraud on the court, and/or fails to comply with Federal Rule of Civil Procedure. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d

9

857, 858-59 (7th Cir. 1999); *Schaffer v. Chicago Police Dep't*, 120 F.R.D. 514, 515 (N.D. Ill. 1988) (Aspen, J.); *Pfeifer v. Valukas*, 117 F.R.D. 420, 423 (N.D. Ill. 1987) (Alesia, J.). Dismissal of a suit with prejudice is a severe sanction and the court should consider the adequacy of less severe sanctions. *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999). However, a suit is subject to immediate dismissal if the plaintiff effectuates a fraud on the court. *See Ammons*, 547 F.3d at 725 (litigant who knows he has accumulated three strikes must alert the court to that fact); *Sloan*, 181 F.3d at 859 (effective fraud on the court justified "immediate termination of the suit.").

The complaints submitted by Plaintiff required that he certify that the information within the complaint was accurate to the best of his knowledge. Rule 11 of the Federal Rule of Civil Procedure further provides that a party not represented by counsel must sign all pleadings and that by signing and/or filing any pleading, the party certifies that the pleading, to the best of the person's knowledge, information and belief, formed after a reasonable inquiry, is not presented for improper purposes and that the claims and other legal contentions are warranted by existing law.

Plaintiff certified, by signing/filing his complaints, that the information contained within the complaints was true to the best of his knowledge. However, the information contained in each and every complaint he filed was not accurate. Plaintiff indicated 5 to 6 other lawsuits that he had filed in other state and federal courts. In fact, at the time that Plaintiff initiated this lawsuit, Plaintiff had previously filed 37 cases in the United States District Court for the Northern District of Illinois and over 100 cases in the Circuit Court of the Twelfth Circuit, Will County, Illinois. Plaintiff does not dispute the number of cases he had filed when he initiated this action.

Plaintiff argues that he informed the Court of his previous lawsuits in his abuse of process claim by: (1) alleging the court knows or should know of the long history and long pattern of abuse

that he has suffered, (2) alleging that a large number of law "statutes" have been settled by the Will County Defendants, and (3) by asking the court to "look at the listed cases attached. And there are some cases that are not on the list given to me by the U.S. District Court Clerk." Plaintiff's argument is meritless. None of these allegations inform the Court of his previous lawsuits and Plaintiff never attached any list of cases to his complaints. Furthermore, inconsistent with Plaintiff's present contention, Plaintiff's amended complaints included these same allegations and Plaintiff still identified only 5 to 6 other lawsuits.

Plaintiff further argues that he essentially informed the Court of the previous filings when he filed his motion with respect to the pleadings [10] in September 2007. In this motion, Plaintiff sought to have the Court strike "all the cases in the above complaint from the list of cases listed" in count 5. He further stated that he did not have the case numbers from the cases that were found to be in violation of Prisoner Litigation Reform Act by this Court and that the Court should strike all of the cases in his complaint that made his complaint in violation of the PLRA. Plaintiff's motion did not inform the Court of his previous case filings. As discussed above, his complaint, including count 5, failed to list any cases. Therefore, asking to strike cases that don't appear was of no assistance to the Court. Furthermore, the motion was denied on September 17, 2007.

Lastly, in light of the number of previous cases that Plaintiff had filed prior to the instant action, his failure to identify any or only 5 or 6 lawsuits cannot be attributed to inadvertence or mistake. Plaintiff's omissions, which can be characterized as a "fraud" on the Court, justify dismissal of his action with prejudice. *See Sloan*, 181 F.3d at 859; *see also Taylor v. Chicago Police Dep't*, No. 07 C 5097, 2008 WL 2477694 at * 4 (N.D. Ill. June 18, 2008) (Dow, J.) (plaintiff's failure to identify at least five previous lawsuits on the complaint form justified dismissal).

Plaintiff not only did not identify any, or virtually none of his previous lawsuits, Plaintiff knew that he had accumulated three or more frivolous suits or appeals (struck out) and he failed to alert the Court to that fact. For example, in March 2004, Plaintiff was informed that he had accumulated at least eleven strikes in this district alone and reminded that he also had a barring order. *Walker v. Prehn*, 04 C 0420, Order of March 3, 2004. Plaintiff's failure to inform the Court of these "strikes" further justifies dismissal with prejudice. *See Ammons*, 547 F.3d at 725.

### III. Miscellaneous Motions

The parties have also filed multiple miscellaneous motions related to the motions to dismiss.

The Defendants (other than Tellez and Shaw) filed a renewed motion for sanctions seeking dismissal of Plaintiff's complaint as a sanction for Plaintiff's motion practice throughout the case. As demonstrated by the above summary of litigation history of the case, Plaintiff filed numerous discovery motions. Many of the discovery motions were duplicative of motions that were already pending or were already denied. For example, Plaintiff filed four motions for the preservation of evidence, all of which were denied. Plaintiff filed these motions despite this Court and a state court finding that certain evidence did not exist. Also telling of Plaintiff's unnecessary motion practice are the number of motions he filed seeking attorney's fees. Plaintiff has never been represented by counsel in the present action. Any motion seeking such fees would be frivolous. While Plaintiff's discovery motion practice, in and of itself, may not justify dismissal of his action with prejudice, his motion practice in conjunction with his other pleading practices discussed above, do merit dismissal of his action with prejudice. Accordingly, Defendants' motion for sanctions is granted.

Plaintiff filed a motion requesting an enlargement of time to seek permission from the Executive Committee to file the instant action against Tellez and Shaw. Plaintiff's motion is denied. The Executive Committee Order clearly states that Plaintiff was to seek such leave prior to filing his suit, not after he faces dismissal of an action for failing to comply with the Executive Committee Order.

Plaintiff filed a supplemental motion for interlocutory review seeking to supplement his previously filed motion for interlocutory review. Plaintiff's previously filed motion for interlocutory review was denied on June 26, 2009. Accordingly, his supplemental motion is denied as moot.

Plaintiff filed a motion seeking leave to file pursuant to order of the Executive Committee. Plaintiff must seek leave to file his action before the Executive Committee, not this Court. Accordingly, the motion is denied.

Finally, Plaintiff filed a motion for leave to produce cases he filed in the past in an attempt to inform the Court of his previous case filings. Plaintiff's motion is denied; informing the Court of his previous cases at this juncture of the case is too little, too late.

**Conclusion**

For the foregoing reasons, Defendants' motions to dismiss [333] [342], as well as Defendants' motion to join the Joliet Police Officer's motion to dismiss and motion for sanctions [375], are granted. Plaintiff's amended complaint is dismissed with prejudice. Plaintiff's motion for enlargement of time [373], motion seeking leave to file pursuant to the Executive Committee [385], motion for leave to produce cases he filed in the past [387], supplemental motion for interlocutory review [388] are denied. In light of the dismissal of Plaintiff's action, the parties' remaining miscellaneous motions: Plaintiff's motion for an order forcing defendants to comply

[392], Defendants' motion for an extension of time to file dispositive motions [374], Defendants' motion for summary judgment [377], Plaintiff's motion for an extension of time to respond to Defendants' summary judgment [389], and Plaintiff's motion to dismiss his motion for an extension of time to respond to Defendants' motion for summary judgment [391] are denied as moot. The case is terminated.

Dated: July 29, 2009

Wayne R. Andersen
United States District Court Judge